UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                          Case No. 25CR71

ARMONTE T. COOK,

          Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Richard G. Frohling, Acting United States Attorney for the Eastern District of Wisconsin, and Katherine M. Halopka-Ivery and Patricia I. Daugherty, Assistant United States Attorneys, and the defendant, Armonte T Cook, individually and by attorney Brian Dimmer, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in a two-count indictment, which alleges violations of Title 18, United States Code, Sections 2(a), 933(a)(1) and Title 21, United States Code Sections 841(a)(1) and 841 (b)(1)(B). The defendant has also been charges in a two-count information for violations of Title 18, United States Code, Sections 2(a), 933(a)(1) and Title 21, United States Code Sections 841(a)(1) and 841(b)(1)(C).

3. The defendant has read and fully understands the charges contained in the information. He fully understands the nature and elements of the crimes with which he has been

charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to waive prosecution by indictment in open court.

5. The defendant voluntarily agrees to plead guilty to the following counts set forth in full as follows:

## COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

On or about January 18, 2024, in the State and Eastern District of Wisconsin,

**ARMONTE T. COOK**

did knowingly ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm, namely a Masterpiece Arms, model MPA30A, 9mm pistol, bearing serial number FX08424, to another person, in and affecting interstate commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony, as defined in section 932(a)(3).

In violation of Title 18, United States Code, Sections 933(a)(1) and 2(a).

## COUNT TWO

**THE UNITED STATES ATTORNEY CHARGES THAT:**

On or about June 19, 2024, in the State and Eastern District of Wisconsin,

**ARMONTE T. COOK**

knowingly distributed a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

6. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offenses described in paragraph 5. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the facts in Attachment A beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt. This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, these offenses.

## PENALTIES

7. The parties understand and agree that the offenses to which the defendant will enter a plea of guilty carries the following maximum terms of imprisonment and fines: Count One, fifteen years and $250,000; and Count Two, 20 years and $1,000,000. Each count also carries a mandatory special assessment of $100. Count Two carries at least 3 years of supervised release, and a maximum of lifetime of supervised release. Count One carries up to 3 years of supervised release.

8. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF INDICTMENT

9. The government agrees to move to dismiss the indictment at the time of sentencing.

## ELEMENTS

10. The parties understand and agree that in order to sustain the charge of firearm trafficking as set forth in Count One, the government must prove each of the following propositions beyond a reasonable doubt:

> First, the defendant knowingly shipped, transported, transferred, caused to be transported or disposed of a firearm to another person;

3

Second, the shipping, transporting, transferring, causing to be transported or disposition of the firearm was in or otherwise affecting interstate commerce; and
Third, the defendant knew or had reasonable cause to believe that the use, carrying or possession of the firearm by the other person/recipient would constitute a state or federal felony.

11. The parties understand and agree that in order to sustain the charge of distribution of a controlled substance as set forth in Count Two, the government must prove each of the following propositions beyond a reasonable doubt:

First, the defendant knowingly distributed a controlled substance; and
Second, the defendant knew the substance was some kind of a controlled substance. The government is not required to prove that the defendant knew the substance was a specific controlled substance.

## **SENTENCING PROVISIONS**

12. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

13. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

14. The defendant acknowledges and agrees that his attorney has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

15. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties

4

acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

16. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

17. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense[s] to which the defendant is pleading guilty.

18. The parties agree to recommend to the sentencing court that the relevant conduct attributable to the defendant is at least 40 grams but less than 160 grams of a mixture and substance containing N-phenyl-N-[1-( 2-phenylethyl )-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

## Base Offense Level

19. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count One is 14 under Sentencing Guidelines Manual § 2K2.1(a)(6). The applicable base offense level for the offense charged in Count Two is 24 under Sentencing Guidelines Manual § 2D1.1(8).

## Specific Offense Characteristics

5

20. The parties agree to recommend to the sentencing court that a two-level increase under Sentencing Guidelines Manual §2K2.1(b)(5)(B)(i)(I) applies to the offense level for the offense charged in Count One because the defendant transported, transferred, sold, or otherwise disposed of, or purchased or received with intent to transport, transfer, sell, or otherwise dispose of, a firearm knowing or having reason to believe that such conduct would result in the receipt of the firearm by an individual who was a prohibited person. is applicable to the offense level for the offense charged in Count One.

21. The parties agree to recommend to the sentencing court that a four-level increase under Sentencing Guidelines Manual §2K2.1(b)(6)(B) applies to the offense level for the offense charged in Count One because the defendant used or possessed a firearm in connection with another felony offense.

## Acceptance of Responsibility

22. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), and to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b), but only if the defendant exhibits conduct consistent with those provisions.

## Sentencing Recommendations

23. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

24. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the length of supervised

release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

25. The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court. The defendant agrees to recommend a sentence no less than 36 months' imprisonment.

## Court's Determinations at Sentencing

26. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

27. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

28. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of

7

Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

## Fine

29. The parties agree to recommend that the Court not impose a fine.

## Special Assessment

30. The defendant agrees to pay the special assessment in the amount of $200.

## Forfeiture

31. The defendant agrees that all properties listed in the information constitute the proceeds of the offenses to which he is pleading guilty, or were used to facilitate such offenses. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

## DEFENDANT'S WAIVER OF RIGHTS

32. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is

8

presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

33. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

34. The defendant acknowledges and understands that he will be adjudicated guilty of the offenses to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

35. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the

9

entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

36. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his conviction or sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statutes or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statutes or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

### Further Civil or Administrative Action

37. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## GENERAL MATTERS

38. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

39. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

40. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

41. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## Further Action by Internal Revenue Service

42. Nothing in this agreement shall be construed so as to limit the Internal Revenue Service in discharging its responsibilities in connection with the collection of any additional tax, interest, and penalties due from the defendant as a result of the defendant's conduct giving rise to the charges alleged in the information.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

43. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. Alternatively, the government may, in its discretion, ask the Court to be released from

11

specific obligations under this plea agreement to reflect the defendant's conduct if the defendant commits a federal, state, or local offense punishable by a term of imprisonment exceeding one year or violates a material term of the plea agreement. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

44. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 9/3/2025

ARMONTE T. COOK
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 9/3/2025

BRIAN DIMMER
Attorney for Defendant

For the United States of America:

Date: 9/26/2025

RICHARD G. FROHLING
Acting United States Attorney

Date: 9/24/25

KATHERINE M. HALOPKA-IVERY
PATRICIA I. DAUGHERTY
Assistant United States Attorneys

13

# ATTACHMENT A

Had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt. These facts are based upon information provided by confidential informants, the anticipated testimony of law enforcement agents, physical and electronic evidence seized throughout the investigation. The information is provided for the purpose of setting forth a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of or participation in this offense. All of the conduct detailed below occurred in the Eastern District of Wisconsin.

### A. Controlled Buy January 18, 2024 – Count One

On January 18, 2024, a confidential source (CS) arranged a controlled buy of a firearm from COOK. During the controlled buy, COOK got into CS's vehicle and directed the CS to a location in Racine, Wisconsin. During the ride, the CS told COOK, "You know I can't go in a store and get that shit." COOK replied "Right." CS stated, "I'm a felon." COOK said, "Same here." COOK further stated, "I'm going to be a convicted felon starting the 26th (Unintelligible) sentence." They then discussed COOK's open state matters. COOK then expressed how he wanted to keep the firearm for himself. COOK stated, "Wherever you are I can get all that shit for'em, I was showing him plenty of pipes, switches, all that." CS stated "I could use some switches bro." COOK responded that he could get the switch right now. COOK then told CS to pull up near the 1200 block of North Memorial Drive. COOK referred to a female while discussing the price for the firearm, making it appear like he obtained the firearm from the female. CS then provided COOK $2500 in buy money and COOK went into the residence. COOK came out and entered CS's vehicle. COOK had two clear plastic bags with blue pills that he placed on the center console (suspected fentanyl pills).[1] COOK stated, "That's all my merch, love." COOK then went back inside the residence. COOK returned with a firearm and extended magazine and provided it to CS.

COOK and CS discussed other firearms that COOK could get for the CS. COOK then placed the suspected fentanyl pills in his pocket. CS told COOK again, "…cause bro, I can't go in the store, you… you can't go in the store, we both felons." CS then drove COOK to another location and dropped him off. They also discussed other firearms and switches.

The firearm was examined by SA John Lindeman who determined the firearm to be a Masterpiece Arms, model MPA30A, 9 mm pistol, bearing serial number FX08424. The firearm was manufactured in Georgia.

### B. Controlled Buy June 19, 2024 – Count Two

On June 19, 2024, CS arranged a controlled buy of fentanyl pills from COOK in Racine, Wisconsin. Prior to the transaction, COOK got into CS's vehicle and instructed CS to drive to the gas station. During the drive, COOK discussed recently being released from jail and missing a trip to pick up controlled substances in Arizona. COOK stated "(Unintelligible) man, man I shouldn't have went to jail. That shit fucked up, (unintelligible), I was supposed to take this trip

---

[1] Case agents were not able to determine if the blue pills were in fact fentanyl or determine the weight of the pills.

to AZ right, to pick up 100,000 pills." Case agents are aware that this statement was made in reference to another investigation in which a large amount of fentanyl pills were obtained in Arizona and transported to the Racine area.

CS drove COOK to a gas station. At the gas station, COOK took CS's money and got into another vehicle for a short period of time. COOK then exited the vehicle, went to the gas station and then returned to CS's vehicle. COOK then provided CS with the suspected fentanyl pills.

The DEA crime lab tested the pills, which were determined to be fentanyl and weighed 53.8 grams.

C.     **COOK's Admissions**

COOK admits that he knowingly transferred a Masterpiece Arms, model MPA30A, 9 mm pistol, bearing serial number FX08424 (firearm) to another person (CS), that this transfer was in or otherwise affecting interstate commerce, and he knew that CS's possession or use of that firearm constituted a state or federal felony. Specifically, COOK believed that CS was a felon and knew it is unlawful for a felon to possess a firearm, which is a violation of Title 18, United States Code, Section 922(g).

Further, COOK admits and acknowledges that he knowingly and intentionally distributed 53.8 grams of fentanyl on June 19, 2024.